■ In the Matter of KENNETH ABBOTT, Appellant, v. ARTHUR PHILLIPS et al., Constituting the Board of Trustees of the Village of Mamaroneck, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination dismissing him from his position of patrolman in the Police Department of the Village of Mamaroneck, after a hearing. Determination modified, on the law, by reducing the penalty to suspension without pay for a period of 20 days. As so modified, determination confirmed, without costs. Petitioner was charged by the Police Chief of the Village of Mamaroneck with two counts of a violation of rule 57 of the Police Department proscribing disorders, neglect, acts or omissions to the prejudice of good order, efficiency or discipline of the Department. Specifically, it was charged that petitioner, while on official sick leave, did on August 31, 1971 and September 2, 1971 actively engage in other employment as a delivery man for a business concern located in Mamaroneck. At the hearing there was testimony by two policemen that on those dates they observed petitioner loading boxes into his truck. Petitioner, himself, admitted he was indeed working on those days. He explained, however, that following an injury sustained by him he was advised on August 24, 1971 that he could do no work for about a week and thereafter only some light work for a few hours a day if he felt better. He further testified that on the days set forth in the charges he carried one or two boxes into the truck and that most of the loading and unloading was done by others. It was also brought out that had petitioner not been on sick call on the days in question and had he been working his regular tour he would have been off on those days. When he returned to work on September 4 he was suspended and the hearing was had. He was unanimously found guilty of the charges and by a 4-1 vote was dismissed from the Police Department. Petitioner argued that he was at all times following the advice of his doctor. It was contended that had the Police Department had its own police physician, as the draftsman of the rules and regulations of the Department clearly had envisioned, the Police Chief would not have had to rely on petitioner's own doctor and would have had a better indication of the exact medical status of petitioner at all times while he was on sick leave. This argument indeed has much merit. Nevertheless, it cannot entirely excuse petitioner's activities while on sick leave. If peti-

tioner felt well enough to perform any work he should have reported that fact to his superiors at the Police Department so that they could make the determination as to whether to put him on part-time at the police station or continue to keep him on sick leave. Under the circumstances of this case, however, we feel that a suspension of 20 days would have been adequate punishment. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.